**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **SECEL ROMERIOUS MONTGOMERY, SR.** | ) ) | **NO. CV 08-6642-RGK(CT)** |
| | ) | |
| **Petitioner,** | ) | **ORDER ACCEPTING MAGISTRATE** |
| | ) | **JUDGE'S REPORT AND** |
| **v.** | ) | **RECOMMENDATION** |
| | ) | |
| **JOHN MARSHALL, Warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the entire file de novo, including the petition, the magistrate judge's report and recommendation, respondent's answer, petitioner's reply (styled as a "traverse"), and petitioner's objections to the report and recommendation.

The Court agrees with the recommendation of the magistrate judge that the petition should be dismissed with prejudice because the state court parole determination is not an unreasonable application of federal law, see Superintendent, Mass. Corr. Inst., Walpole v. Hill, 472 U.S. 445 (1985), and did not involve an unreasonable determination of fact.

In his objections, petitioner contends, for the first time, that his delay in pursuing his grounds for relief in state court was not

1  unreasonable and that, therefore, this petition is not time barred.  The

2  court observes, first, that this issue is purely academic given that

3  petitioner's grounds fail on the merits for the reasons set forth in the

4  report and recommendation.  Moreover, the district court is not required

5  to consider facts or legal claims raised for the first time by

6  objection.  U.S. v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000).

7       In any event, petitioner essentially contends that his delay in

8  pursuing his collateral claims in state court was approximately 15 days

9  shorter than that calculated by the magistrate judge due to delay in his

10  receipt of mail.  Even if true, the delay still appears to be

11  unreasonable and the petition is still, therefore, untimely.  As the

12  magistrate judge pointed out, petitioner waited 355 days after the

13  Board's decision became final before he filed his first petition in

14  state court, which left him only 11 days to meet the AEDPA limitations

15  period.  See 28 U.S.C. § 2244 (d) (1) (1996).  Even assuming petitioner

16  did not receive notice that his state superior court petition was denied

17  until March 6, 2008, he still waited nearly four months – an additional

18  118 days – to file his petition in the state court of appeal on July 2,

19  2008.  Given that even sixty days may be too long to delay in

20  California, see Evans v. Chavis, 546 U.S. 189, 201 (2006), this nearly

21  four-month delay is too long.  The justification petitioner offers for

22  his delay, essentially that he had only limited access to the law

23  library during this time, is not sufficient given that petitioner raised

24  the same grounds and presented the same case and statutory law in

25  support in both petitions. (See Documents No. 4 and No. 5 lodged with

26  respondent's answer.)

27       Accordingly, IT IS ORDERED THAT:

28       1.   The report and recommendation is accepted.

         2.   Judgment shall be entered consistent with this order.

1          3.   The clerk shall serve this order and the judgment on all

2               counsel or parties of record.

3

4   DATED: May 13, 2009          _____

5                                R. GARY KLAUSNER
                                 UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28